WRIGHT, Presiding Judge
(dissenting).
I must respectfully dissent from the decision of my brothers on this court. It appears to me that for a year trooper Pritch-ett was aware of, and after a fashion complied with, the regulation of the Department of Public Safety. I perceive no reasonable interpretation of the memorandum of May 1, 1980, which would allow Pritch-ett to unilaterally change his residence. The note in the concurring opinion that a corporal was advised of-Pritchett's intention to change his residence, does not appear to me to give any lawful excuse for violating the requirement of residence. Such action certainly cannot be considered *227 as seeking the approval of the department. Failure of the corporal to respond may not be reputed to the defendants.
I further opine that if there was any § 1983 violation, it arose from the original department action at the time of Pritchett’s transfer to arresting trooper or at the latest, at the effective date of the published memorandum of May 1, 1980. Therefore, the statute of limitations had run when suit was filed.